IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SPINNAKER INTERNATIONAL
L.L.C., et al.,

   Plaintiffs,

v.

GREENFENCE, LLC,

   Defendant.

CIVIL ACTION FILE
NO. 1:17-CV-2749-TWT

**OPINION AND ORDER**

This is a breach of contract action. It is before the Court on the Defendant Greenfence, LLC's Motion to Sever Plaintiffs' Claims and to Transfer Plaintiff Ashwin Damodaran's Claims [Doc. 19]. For the reasons set forth below, the Defendant's Motion to Sever Plaintiffs' Claims and to Transfer Plaintiff Ashwin Damodaran's Claims [Doc. 19] is GRANTED.

**I. Background**

The Plaintiffs in this case are Spinnaker International L.L.C., a Georgia limited liability company created with its principal place of business in Atlanta, Georgia, and

Ashwin Damodaran, a citizen of Georgia.[1] The Defendant Greenfence, LLC, is a Delaware limited liability company with its principal place of business in Palo Alto, California.[2] Both Plaintiffs allege that Greenfence owes them compensation for services they provided to Greenfence.

Specifically, Spinnaker alleges that Greenfence owes it money for various business process and consulting services that it provided to the Greenfence.[3] According to the Amended Complaint, Spinnaker fulfilled the terms of the parties' contract by providing consulting services, but Greenfence failed to make the payments required under the contract. Spinnaker alleges that Greenfence owes Spinnaker $308,715.58 for these services.[4] Mr. Damodaran alleges that Greenfence hired him as an employee and failed to pay his salary as required under their employment agreement. Mr. Damodaran worked for Greenfence from May 15, 2016 until March 2017 as Greenfence's Chief Implementation Officer and later as its Chief Operations

---

[1] Am. Compl. ¶¶ 1-2.

[2] *Id.* ¶ 3.

[3] *Id.* ¶¶ 8-13.

[4] *Id.* ¶ 17.

Officer.[5] Mr. Damodaran alleges that Greenfence never compensated him for this period of employment, and that it owes him $250,000 in unpaid salary.[6]

The Plaintiffs filed this action in state court on June 8, 2017.[7] Spinnaker asserts claims for breach of contract, account stated, and quantum meruit. Mr. Damodaran asserts claims for breach of employment contract, quantum meruit, fraud and fraudulent inducement, and negligent misrepresentation. Greenfence removed the action to this Court. It now moves to sever the Plaintiffs' claims and transfer Mr. Damodaran's claims to the U.S. District Court for the Central District of California in Los Angeles, California.

## II. Discussion

**A. Motion to Sever**

First, Greenfence moves to sever the Plaintiffs' claims under Rule 21. Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party."[8] "[S]everance under Rule 21 creates two separate actions or suits where previously there was but one . . .

---

[5]   *Id.* ¶¶ 18-20, 21.

[6]   *Id.* ¶ 24.

[7]   Notice of Removal, Ex. A.

[8]   FED. R. CIV. P. 21.

."[9] "[A] district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are 'discrete and separate.'"[10] Claims are discrete and separate if one is "capable of resolution despite the outcome of the other claim."[11] And, "[i]t is within the district court's broad discretion whether to sever a claim under Rule 21."[12]

Severance is appropriate here. The Plaintiffs' claims are not connected, other than the fact that they are both asserted against the same defendant. Spinnaker's claims center around the consulting services it provided to Greenfence, while Mr. Damodaran's claims stem from his employment relationship with Greenfence. These two disputes are not factually related to one another, and Mr. Damodaran provides no argument for why the claims should not be severed. Therefore, since the claims are separate and discrete, it is appropriate to sever Mr. Damodaran's claims from Spinnaker's claims.

---

[9] *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983).

[10] *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (internal quotations omitted).

[11] *Id.*

[12] *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir . 2000).

**B. Motion to Transfer**

Next, Greenfence moves to transfer Mr. Damodaran's claims to the U.S. District Court for the Central District of California in Los Angeles, California, pursuant to a forum selection clause in Mr. Damodaran's employment contract. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[13] Normally, "a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations."[14] "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum."[15] A valid forum-selection clause is "given controlling weight in all but the most exceptional cases."[16]

Mr. Damodaran argues that the forum selection clause does not apply because he is not seeking to enforce the written contract containing the forum selection

---

[13] 28 U.S.C. § 1404(a).

[14] *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013).

[15] *Id.* at 581.

[16] *Id.* at 579.

clause.[17] Mr. Damodaran contends that, instead, he is seeking to enforce an oral contract that was "informed by several of the provisions of the Alleged Contract."[18] Thus, the forum selection clause would not apply. According to Mr. Damodaran, Greenfence mistakenly "assumes" that he is seeking to enforce the written contract.[19] However, in pre-suit correspondence, Mr. Damodaran's attorney repeatedly referenced the written contract. In one instance, his attorney stated in an email to Mitch Chait, the CEO of Greenfence, that "I presume you have a copy of the employment agreement you executed with Ashwin, but I have attached it here."[20] She then attached the written contract at issue to the email. Later, Mr. Damodaran's attorney again referenced and attached the written contract in an email, stating "[a]gain, the contract is contained in the attached."[21] This admission by Mr. Damodaran's counsel precludes Mr. Damodaran from now arguing that he is seeking to enforce a different agreement. Therefore, the forum selection clause applies. Since

---

[17] Pls.' Resp. Br. in Opp'n to Def.'s Mot. to Sever and Transfer, at 3-4.

[18] *Id.*

[19] *Id.*

[20] Schrager Aff., Ex. 2 at 17.

[21] Schrager Aff., Ex. 2 at 16.

Mr. Damodaran has not otherwise challenged the clause's validity, it should be given controlling weight.

Mr. Damodaran also disputes, in a footnote, whether the forum selection clause encompasses all of his claims.[22] Mr. Damodaran argues that the forum selection clause uses the narrow language of "disputes under this Agreement," rather than broader language such as "relating to this Agreement," and for this reason, it does not apply to his claims for quantum meruit, fraud, and negligent misrepresentation.[23] However, the Eleventh Circuit has construed the similar language of "any action hereunder" in a forum selection clause to include "not only breach of contract claims but all claims, including statutory claims, that arise from the contractual relationship between the parties."[24] Other courts have come to the same conclusion regarding similar language.[25] Here, Mr. Damodaran's parallel claims for quantum meruit, fraud, and negligent misrepresentation still arise under the parties' contractual employment relationship. Therefore, the forum selection clause's language referring to "disputes

---

[22] Pls.' Resp. Br. in Opp'n to Def.'s Mot. to Sever and Transfer, at 3 n.1.

[23] *Id.*

[24] *Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x 556, 560 (11th Cir. 2016).

[25] *See, e.g.*, *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 694 (8th Cir. 1997) ("[F]orum selection clauses referring to claims 'hereunder' or 'under the agreement' can be broad enough to cover contract-related tort claims.").

under this Agreement" includes all of Mr. Damodaran's claims.[26] Pursuant to the forum selection clause, Mr. Damodaran's claims should be transferred to the U.S. District Court for the Central District of California in Los Angeles, California.

### III. Conclusion

For the reasons stated above, the Defendant's Motion to Sever Plaintiffs' Claims and to Transfer Plaintiff Ashwin Damodaran's Claims [Doc. 19] is GRANTED.

SO ORDERED, this 30 day of November, 2017.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[26] The cases that Mr. Damodaran relies upon deal with arbitration clauses, not forum selection clauses. Furthermore, these cases do not construe the arbitration clause language so narrowly as to only include breach of contract claims, as Mr. Damodaran argues. *See Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 ("Disputes that are not related-with at least some directness-to performance of duties specified by the contract do not count as disputes 'arising out of' the contract, and are not covered by the standard arbitration clause."); *Knight v. Docu-Fax, Inc.*, 838 F. Supp. 1579, 1583-84 (N.D. Ga. 1993) (noting that "arising under" does not include "matters merely relating to, as opposed to arising under" the contract, and concluding that an arbitration clause did not encompass disputes arising out of a second, separate contract).